# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF JOSHUA LICHTLE, by
VICKIE LICHTLE, Personal Representative,

Plaintiff-Appellant,

v

AMERICAN MOTORCYCLIST ASSOCIATION,
MX SPORTS PRO RACING INC., MX SPORTS
INC., REDBUD RECREATION INC., and AMA
PRO RACING,

Defendants-Appellees.

UNPUBLISHED
January 26, 2017

No. 329689
Berrien Circuit Court
LC No. 14-000179 NI

Before: MURPHY, P.J., and METER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals by right from the trial court's order granting summary disposition to defendants and dismissing the case. This wrongful death claim arises out of the death of plaintiff's decedent, Joshua Lichtle, after he collapsed due to heat stroke while participating in a motocross race at defendant's racing track. Medical personnel on site responded almost immediately, placed Joshua into an ambulance, and transported him to a local hospital that was then forced to transport him to a larger hospital with more resources. Joshua did not survive his injuries. We do not find that defendants were grossly negligent or engaged in willful and wanton misconduct, so we affirm.

Plaintiff initially commenced this action sounding in ordinary negligence, but the trial court dismissed that claim in consideration of the waiver Joshua had signed; plaintiff was permitted to amend her complaint to allege gross negligence and willful and wanton misconduct. The trial court subsequently granted summary disposition on those claims as well, finding that the extensive safety planning and preparation defendants had coordinated with local officials and medical teams, and that Joshua received medical attention within 30 seconds of collapsing, precluded plaintiff from showing that defendants demonstrated a substantial lack of concern for whether an injury would result at the event. Plaintiff argues that the trial court improperly granted defendants' motion for summary disposition because defendants' failure to postpone or alter the race and failure to implement additional precautions against heat-related illnesses demonstrated gross negligence and willful and wanton misconduct. We disagree.

-1-

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Id*. at 120. The moving party must support its motion by affidavits, depositions, admissions, or other documentary evidence. *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012). If the moving party properly supports its motion, the burden then shifts to the opposing party to demonstrate with evidentiary materials that a disputed material fact exists. *Id*. at 441. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Gross negligence occurs where a party's "'conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted to decedent.'" *Xu v Gay*, 257 Mich App 263, 269; 668 NW2d 166 (2003) (citation omitted). "Evidence of ordinary negligence does not create a question of fact regarding gross negligence." *Id*. at 271. A plaintiff cannot satisfy a gross negligence claim by merely stating that a defendant could have taken additional precautions. *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004). Gross negligence occurs where "if an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Id*. In contrast, willful and wanton misconduct is not simply a higher degree of carelessness, but rather "is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does." *Burnett v City of Adrian*, 414 Mich 448, 455-456; 326 NW2d 810 (1982).

The unrefuted evidence shows that, as the trial court found, extensive emergency response protocols were in place on the day of the race, including the presence of 9 or 10 paramedics; four ambulances equipped with breakable ice packs; a mobile emergency room with a physician, nurse, and two paramedics; and a helicopter landing pad for potential MediFlight use. These provisions were provided subsequent to agreements or reviewed protocols with RedBud Armored Night Security, Buchanan Township Fire Department, Berrien County Sheriff's Department, Berrien County Emergency Management, Astro Mobile Medical Center, and the Buchanan City Police Department. Plaintiff's contention that defendants could have also had an actual helicopter waiting on site is at least theoretically true, but considering the extensive and thorough preparations and resources defendants had already undertaken, it in no way suggests that defendants had the level of disregard for harm necessary to establish either gross negligence or willful and wanton misconduct. Plaintiff contends that there were other heat-related illnesses on that day, but the evidence was that they appeared to be related to the sufferers' alcohol consumption. Plaintiff contends that officials either failed to wave flags signaling a need for medical attention, or at least unreasonably delayed in doing so, but the evidence was that there were no medical flags to wave because officials used radios instead, and in any event, it is unrefuted that Joshua received medical attention within three minutes at the most.

Plaintiff makes much of the fact that defendants could have stopped or postponed the event because of the high temperatures. While true, Joshua was also not in any way obligated to participate. Plaintiff notes, correctly, that in *Tarlea*, the students were affirmatively encouraged to opt out of participating in a run if they wished and would suffer no penalty for doing so, whereas a racer at defendants' event would forfeit participation in subsequent races. See *Tarlea*, 263 Mich App at 85-86. However, high school students are in effect under the control of the adults present, and there is otherwise an implicit coerciveness to being directed to do something absent the express provision of an option. Here, Joshua may well have wanted to partake of the possibility of winning, but he was also an independent adult and thus somewhat more responsible for making his own decisions. Otherwise, as noted, it is almost always possible to allege that someone *could* have exercised more precautions, but by itself that does not even necessarily establish ordinary negligence. *Id*. at 90.[1] The situation is a tragic one, but we find that plaintiff has failed to establish a genuine question of material fact, and the trial court correctly found that plaintiff cannot establish gross negligence or willful and wanton misconduct.

Affirmed.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Amy Ronayne Krause

---

[1] We note that the *Tarlea* Court referred to ordinary negligence as the "most exacting" standard in its discussion, but from context it is clear that "most" was an erroneous word choice and intended to be the "least exacting" standard.